**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SHAREE LABELLE ASBERRY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )     **Case No. CIV-12-796-M** |
| | ) |
| **MILLICENT NEWTON-EMBRY,** | ) |
| **Warden, Mabel Bassett** | ) |
| **Correctional** | ) |
| **Facility,** | ) |
| | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of Chief United States District Judge Vickie Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A response has been filed, and so the matter is at issue and ready for disposition.

By this action, Petitioner challenges her conviction by a jury for first-degree murder, for which she was sentenced to life imprisonment in Case No. CF-2007-7248, District Court of Oklahoma County. Petition, 1. Petitioner filed a direct appeal, and the Oklahoma Court of Criminal Appeals affirmed her conviction on March 31, 2011. *See* Opinion, Case No. F-2010-366, Oklahoma Court of Criminal Appeals (attached to Response as Ex. 3). Petitioner also filed an application for post-conviction relief in the District Court of Oklahoma County on March 7, 2012. The state district court denied the

application on April 16, 2012. Petition, 4. Oklahoma State Courts Network Docket (OSCN), Case No. CF-2007-7248, District Court of Oklahoma County.

http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=cf-2007-7248&db=Oklahoma&submitted=true (accessed January 9, 2013).  Although Petitioner filed a notice of appeal, she states in the Petition that she missed the deadline for filing her petition in error "thus waving the issues I had raised on my post-conviction." Petition, 7. On July 7, 2012, Petitioner filed a motion in the state district court for rehearing of the application for state post-conviction relief on grounds of new authority. (OSCN), Case No. CF-2007-7248, District Court of Oklahoma County.

http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=cf-2007-7248&db=Oklahoma&submitted=true (accessed January 9, 2013). That motion has been set for hearing on January 24, 2013.[1] *Id.*

Petitioner raises one ground for relief herein. She alleges that the trial court erred when it failed to instruct on the lesser-included offense of second-degree murder. Petition, 6.  She alleges, "the requested instruction of second-degree felony murder was clearly a lesser-included offense of first-degree felony murder and the difference is that the charged crime involves a robbery where there is an additional element."  *Id.*

## BACKGROUND[2]

Petitioner and Jerrell Simmons had three children together. Simmons began

---

[1]The only ground raised in the petition now before the Court was presented in Petitioner's direct appeal, and has thereby been exhausted.

[2]This summary of the facts is taken from Petitioner's brief on direct appeal.  *See* Response, Ex. 1, p. 2-3.

living with another woman, Semone McCoy, and did not pay child support for the children. Petitioner was facing eviction from her apartment. Despite her financial difficulties, Petitioner allowed her cousin, Teleasha Jones, to move in with her. On November 25, 2007, while discussing her financial problems, Petitioner said she would like to find someone to rob Simmons. Simmons was apparently a drug dealer who always had a great deal of cash on his person. Petitioner made it clear that she did not want Simmons hurt. Jones said she knew someone who could rob Simmons. Jones contacted Harrold Johnson and DeJuan Penn, who agreed to rob Simmons. Later that night, Johnson, Penn, Jones, and Petitioner drove to a dead end street near Simmons' house. The two men walked towards Simmons' house, while Jones and Petitioner waited in the car. The two men were not supposed to have guns, although Petitioner saw that they were armed. Simmons and McCoy were in bed when they heard the sound of breaking glass. Simmons walked out of the bedroom to investigate, while McCoy tried to open a small safe in the bedroom which contained guns. McCoy then heard gunshots, and Simmons ran back into the bedroom. Simmons closed the bedroom door, and said he had been shot. Penn and Johnson then began to shoot through the bedroom door. The firing then stopped, and everything became quiet. Simmons then again left the bedroom. As he walked into the hallway outside the bedroom, he was shot and killed. The two men left with the small safe, money, some marijuana, a necklace and a ring. The men called Petitioner and asked her to pick them up; the men got into the car and as Petitioner drove off, the men told her and Jones

3

that they had to kill Simmons. The four of them then split the money taken from the safe, which amounted to $4,000 each.

## STANDARD FOR GRANTING A WRIT OF HABEAS CORPUS

For factual and legal issues that have already been adjudicated in state court, the Court may only grant a writ of habeas corpus if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2).

A state court's determination is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established Supreme Court precedent if it identifies the correct governing legal principle from the Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 413; *see also Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  It is not enough that the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable. *Williams*, 529 U.S. at 410-11; *Valdez v. Bravo*, 373 F.3d 1093, 1096 (10th Cir. 2004).

4

## DISCUSSION

### 1.  Arguments of the Parties and the State Court's Decision

As noted, Petitioner's sole ground in support of her application for federal habeas relief is the trial court's failure to instruct on the lesser-included offense of second-degree felony murder. Petition, 6.

Respondent argues that Petitioner's sole ground involves a matter of state law, and this Court should decline to entertain it. He argues that under 28 U.S.C. § 2254(a), the power of a federal habeas corpus court is expressly limited to violations of federal law; questions of state law are not cognizable issues. Response, 5-6 (citing *Johnson v. Mullin*, 505 F.3d 1128, 1141 (10th Cir. 2007); *Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002); and *Ellis v. Hargett*, 302 F.3d 1182, 1189 (10th Cir. 2002)). Response, 6.  Respondent contends that errors in jury instructions in a state criminal trial are not cognizable on habeas review, unless they are so fundamentally unfair that they deprive a petitioner of due process and a fundamentally fair trial. *Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005). Furthermore, Respondent argues that neither the Supreme Court nor the Tenth Circuit has held that there is any constitutional right to a lesser-included offense instruction in a non-capital case. Response, 6. (citing *Tiger v. Workman*, 445 F.3d 1265, 1268 (10th Cir. 2006) (rejecting a habeas claim because neither the Supreme Court nor the Tenth Circuit Court of Appeals has recognized a federal constitutional right to a lesser-included offense instruction in non-capital cases). Accordingly, Respondent argues that the Court may only review Petitioner's claim to

5

determine whether the failure to give the instruction in question rendered Petitioner's trial so fundamentally unfair as to deprive Petitioner of her federal constitutional rights. Response, 6-7 (citing *Duvall v. Reynolds*, 139 F.3d 768, 787 (10th Cir. 1998).

Respondent asserts that a review of Petitioner's claims clearly reveals that Petitioner did not receive a fundamentally unfair trial. *Id.* at 7. Respondent argues that under the evidence, no jury could rationally acquit Petitioner of first-degree felony murder but convict her of second-degree felony murder. Respondent contends that because the Oklahoma Court of Criminal Appeals decision was clearly in accordance with Oklahoma law, Petitioner's due process rights were not violated and her trial was not rendered fundamentally unfair by the denial of the lesser-included offense instruction.

On direct appeal, the Oklahoma Court of Criminal Appeals found as follows with regard to Petitioner's claim that the jury should have been instructed on the lesser included offense of second degree felony murder:

> To determine whether instructions on a lesser included offense should have been given, we utilize a two step analysis. We must first determine whether the claimed lesser offense, in this case, second degree felony murder, is a legally recognized lesser included offense of the charged offense, in this case, first degree felony murder.
>
> This Court has traditionally looked to the statutory elements of the charged crime and any lesser degree of crime to determine the existence of any lesser included offenses. This determination is not case-specific and can only be made by looking at the statutory elements.
>
> A lesser offense is a part of the greater offense when the

6

establishment of the essential elements of the greater offense necessarily establishes all the elements required to prove the lesser included offense.

Second degree felony murder is a legally recognized lesser included offense of first degree felony murder. Turning to the second step of the lesser included offense analysis, we must determine whether the evidence was sufficient to support a finding of the lesser included offense. In order to warrant a jury instruction on a lesser included offense, prima facie evidence of the lesser included offense must be presented at trial.

Prima facie evidence of a lesser included offense is that evidence which would allow a jury rationally to find the accused guilty of the lesser offense and acquit him of the greater.

"Robbery, the predicate felony in second degree felony murder, cannot be accomplished with a dangerous weapon. If it is, the offenses are Robbery with a Dangerous Weapon and first degree felony murder." While [Petitioner] did not personally carry a gun and commit the robbery and claimed she did not want the decedent hurt during the robbery, her criminal conduct of planning and aiding and abetting in carrying out the robbery with the knowledge that her co-defendants took guns to the robbery "set in motion 'a chain of events so perilous to the sanctity of human life' that the likelihood of death resulting was foreseeable."

Response, Ex. 3 (Summary Opinion, No. F-2010-366 (Okla. Crim. App. Mar. 31, 2011)

(citations omitted)).

### 2.  Analysis

Neither the United States Supreme Court nor the Tenth Circuit Court of Appeals

has ever recognized a federal constitutional right to a lesser included offense instruction

a non-capital case. *Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980); *Chavez v. Kerby*,

848 F.2d 1101, 1103 (10th Cir. 1988). In fact, the Tenth Circuit Court of Appeals has held that such claims are not cognizable in a federal habeas action. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("Our precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Thus, Petitioner in this case bears a heavy burden - that failure to give the instruction deprived her of the right to a fundamentally fair trial under Fourteenth Amendment.") *Id.* at 938-38; *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997); *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993) ("a petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction, 'even if in our view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense.'") (quoting *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988)).

Moreover, the Oklahoma Court of Criminal Appeals' finding that the evidence did not support the giving of a second-degree felony murder instruction is presumptively correct. 28 U.S.C. § 2254(e)(1). Petitioner has not provided clear and convincing evidence sufficient to overcome the presumption, and she has thus failed to show that the failure to give the lesser-included offense instruction deprived her of a fundamentally unfair trial. Petitioner's sole argument is that she stated to Jones that she did not want the victim hurt, just tied up. *See* Response, Ex. 4 (Tr. II p. 189, l. 4-11). However, there was also evidence that Petitioner admitted in her statement to the police that she knew the assailants had guns before she and Jones dropped them at the

apartment before the robbery.[3] Under this evidence, the trial court's failure to give a lesser-included offense instruction was not a violation of Petitioner's right to a fundamentally fair trial. For these reasons, it is recommended that the Petition be denied.

## RECOMMENDATION

For these reasons, it is recommended that the Petition for a Writ of Habeas Corpus [Doc. No. 1] be **DENIED.** Petitioner is advised of her right to object to this Report and Recommendation by **February 5, 2013**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned with regard to this action.

**DATED** January 18,  2013.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[3] Respondent cites to "State's Ex. 79," which is apparently a DVD of Petitioner's interview with Detective Robert Benavides shortly after the crime. *See*  Tr. Vol. III, p. 92, 100. The DVD was admitted without objection. Although the Respondent has not provided a copy of the DVD with the state court records, the relevant statement regarding Petitioner's awareness of the guns before the crime was referred to in the State's closing argument, and drew no objection. Tr. Vol IV, p. 79-80.